Vermont Superior Court
Filed 10/25/23
Washington Unit

VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-04076

Daniel Heyde et al v. Lourdes Macias et al

## Ruling on Tenants' Motion to Dismiss and
## Landlords' Request for a Preliminary Injunction

This is a residential rental eviction action filed by Landlords Daniel Heyde and

Rosa Kink against Tenants Lourdes Macias and Patrick Rogers. Landlords initiated this

case seeking an *ex parte* temporary restraining order (TRO) and a preliminary

injunction, both intended to advance the timing of Tenants' eviction. The Court denied a

TRO on September 29, instructing Landlords to serve the complaint, giving Tenants time

to respond to the motion for a preliminary injunction, and indicating that it then would

schedule a prompt hearing to determine whether any preliminary relief may be

warranted.

Tenants responded with both an opposition to preliminary relief and a motion

arguing that Landlords failed to provide notice of termination of the tenancy according to

statute, and this case therefore should be dismissed. Landlords provided notice under 9

V.S.A. § 4467(h), which permits a shortened notice period in the case of a "shared

occupancy." Based on the allegations in the parties' various filings, the Court is unable

to determine whether the tenancy is subject to § 4467(h), and whether adequate

statutory notice has been provided.

Section 4467(h) applies to "[a] rental arrangement whereby a person rents to

another individual one or more rooms in his or her personal residence that includes the

Order
23-CV-04076 Daniel Heyde et al v. Lourdes Macias et al

shared use of any of the common living spaces, such as the living room, kitchen, or bathroom." There appears to be no dispute that Tenants currently live primarily not in Landlords' residence but in a completely separate structure nearby referred as the Tiny Home, which lacks certain basic facilities, such as a kitchen and bathroom, and they freely use (share) those facilities in Landlords' residence. Tenants claim that this arrangement is not "shared occupancy" for purposes of the statute, while Landlords maintain that it is and, regardless, Tenants actually rent a room in their residence.

The plain language of Section 4467(h) reveals two predicates: (1) that the tenant rent at least one room in the landlord's residence, and (2) that the landlord and tenant share at least some common living spaces. Landlords interpret the first requirement away altogether, but there is no reasonable way to do so. *See McMurphy v. State*, 171 Vt. 9, 12 (2000) ("We presume that language [in a statute] is inserted advisedly and that the Legislature did not intend to create surplusage."); *see also Vermont Small Bus. Dev. Corp. v. Fifth Son Corp.,* 2013 VT 7, ¶ 15, 193 Vt. 185, 191 ("With respect to the termination of residential leases, we have followed the trend in other jurisdictions to require 'punctilious compliance with all statutory eviction procedures, including notice provisions.'" (citation omitted)). The Tiny Home is a separate structure. It is not a room in Landlords' residence. While any shared living arrangement presents some of the concerns underlying Section 4467(h), the Legislature also required that a second predicate be met before a landlord can rely on the expedited procedures of that law.

The factual allegations reflect sharp disagreement as to what Tenants actually rent, however. The written lease refers generally to the street address of what the Court understands to be the entire premises, including both the Tiny Home and Landlords'

residence, without providing any further detail as what Tenants truly rent, and what they rent may have changed over time. Landlords maintain that Tenants actually rent a bedroom in their residence and merely choose to sleep in the Tiny Home. Tenants appear to claim that they rent the Tiny Home only, and Landlords long ago retook possession of the bedroom initially rented in the residence.

The Court cannot resolve that factual clash on a cold record. The factual dispute on that point is a key issue for purposes of both Tenants' motion to dismiss and Landlords' request for preliminary relief.

<u>Conclusion</u>

In light of the foregoing, the Court will schedule a hearing on both motions, at which the issue of the adequacy of notice will be addressed at the threshold before considering whether Landlords may be entitled to any preliminary relief.

Electronically signed on Monday, October 23, 2023, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge